KIRBY LUMBER CO. et al. v. BRADFORD HICKS LUMBER CO. (No. 399.) *

(Court of Civil Appeals of Texas. Beaumont. April 24, 1918. Rehearing Denied May 15, 1918.)

TENANCY IN COMMON ⊜⟞45—CONVEYANCE BY ONE TENANT—RIGHT OF GRANTEE AGAINST COTENANTS—INJUNCTION.

Notwithstanding the rule that where a tenant in common conveys to a stranger a specific part of the common lands without consent of his cotenants, ineffectual to prejudice their rights, a court of equity, on partition proceedings, will give effect to the deed, and confirm in the stranger title to such portion, where, on learning of all the facts, it is shown partition can so equitably be made, the stranger cannot in an independent suit, pending partition suit by the tenants in common, have those not joining in the deed to him, of a strip for a railroad, enjoined from interfering with his exclusive possession for construction and operation of the road, on allegation that on partition the specific portion, attempted to be conveyed to him, can be allowed and confirmed in him, without injury to the tenants not joining in the deed; this being a denial of the right of all tenants to possession in all portions of the land; a determination in advance of the partition proceeding that partition can be so made; an embarrassment of the partition proceedings; and in effect another partition proceeding.

Appeal from District Court, Tyler County; J. Llewellyn, Judge.

Suit by the Bradford Hicks Lumber Company against the Kirby Lumber Company and others for injunction. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Andrews, Streetman, Burns & Logue and Kennerly, Williams, Lee & Hill, all of Houston, for appellants. Fisher, Campbell & Amerman, of Houston, Greer & Nall, of Beaumont, and Coleman & Lowe, of Woodville, for appellee.

HIGHTOWER, C. J. The nature and result of this suit, as stated in the brief filed by appellants herein, is found to be substantially correct, and is as follows:

On March 2, 1918, the appellee, Bradford Hicks Lumber Company, presented at Conroe, Tex., to Hon. J. Llewellyn, judge of the district court of Tyler county, Tex., a petition praying for an injunction against Houston Oil Company of Texas, and all the other appellants here, whom it is not necessary to name, as well as their agents, servants, and employés, restraining and enjoining them from in any manner interfering with appellees' possession of a certain designated portion of three surveys of land in Tyler county, Tex., known as the North, South, and Middle Hooe surveys, over which designated portions of said surveys appellee, Bradford Hicks Lumber Company, was alleged to be desirous of constructing a tram railroad track. Upon said petition, Hon. J. Llewellyn, on the date same was presented to him, indorsed his fiat, granting said injunction without notice to appellants, and without affording them an opportunity to be heard, and said petition, with the fiat of said judge indorsed thereon, was filed with the clerk of the district court of Tyler county, Tex., on March 6, 1918.

On March 15, 1918, appellants filed with the district clerk of Tyler county, Tex., their appeal bond, whereby they perfected an appeal from the order of said judge, and at the same time filed in said district court of Tyler county certain assignments of error, challenging the correctness of the action of Judge Llewellyn in granting said injunction. Thereafter, on March 16, 1918, appellants filed in this court a transcript of the record prepared by the clerk of the district court of Tyler county, and their appeal is now before this court for hearing and disposition.

We shall not undertake to set out at length the petition of the appellee, upon which the order by Judge Llewellyn in chambers was made, but think it will suffice to state the following material facts, which appear from the petition, and which facts alone are relied upon by the appellee here to uphold the injunction granted in this case:

(1) It is alleged that appellee, Bradford Hicks Lumber Company, is the owner of the W. S. Brown survey of land in Tyler county, upon which it has just completed the construction of a sawmill for the purpose of manufacturing lumber, and that this Brown survey of land is located just north of three other surveys of land in said county, known as the North, Middle, and South Hooe surveys; and that appellee is also the owner of all the timber on a league of land known as the George Brown league, in Hardin county, and which lies immediately south of the South Hooe survey, and that appellee is desirous of cutting the timber on the George Brown league in Hardin county, and hauling same to its said sawmill for manufacture into lumber, etc.

(2) It is alleged that in August, 1917, Thomas S. Hughes, Thomas J. Baten, W. D. Gordon, Mrs. Carrie Little, as executrix, and for herself individually, W. S. Parker, and E. C. McLean made a deed to appellee, whereby

the said Hughes, Baten, and others conveyed to appellee, by specific metes and bounds, a certain strip or parcel of land across said North, Middle, and South Hooe surveys, said strip being 50 feet in width and in length sufficient to cross all of said surveys; that the purpose of appellee in purchasing this strip of land across said Hooe surveys was to make it the owner thereof, and enable it to build and construct a tram railroad over said Hooe surveys from its mill on the W. S. Brown survey in Tyler county, to the timber owned by it on the George Brown league in Hardin county, so that it might cut and remove said timber to its said mill; that appellee had commenced the construction of its tram railroad, and at the time of the presentation of said petition to said judge, praying for the injunction herein, had nearly reached the north line of the North Hooe survey with its said tram railroad.

(3) Appellee alleged that at the date of said deed to it from Hughes, Baten, Gordon, Little, Parker, and McLean, they, the said Hughes, Baten, and others, owned jointly with the appellants here the said North Hooe survey and the south half of the South Hooe survey, but that such ownership was as tenants in common, the interests of said owners being undivided in said Hooe surveys; and it is alleged by appellee that in consequence of said deed to it by said Hughes, Baten, and others, tenants in common with appellants here, appellee became the sole owner of said strip of land across said Hooe surveys, and that appellee is entitled to the exclusive possession thereof, for the exclusive operation of its contemplated tram railroad; that said strip of land conveyed to appellee across said Hooe surveys is of no greater value than any other portion of said Hooe surveys, and that appellants' cotenants, Baten, Hughes, and others, owned a much larger interest in said North and South Hooe surveys than was conveyed by their said deed to appellee, and that under such circumstances appellants' cotenants, Hughes, Baten, and others, had a right to convey to appellee the specific portions of said North and South Hooe surveys, as they undertook to do by said deed, and that appellee was entitled to construct its tram railroad upon those portions of said surveys so conveyed, and to use the same for its tram railroad purposes, to the exclusion of and without being interfered with by appellants.

(4) It is further shown from the petition that at the time the deed from Hughes, Baten, and others, appellants' cotenants, was made to appellee, whereby appellants' said cotenants attempted to convey certain designated portions of said North and South Hooe surveys to appellee, a suit for partition had been instituted in Hardin county by the said Hughes, Baten, Gordon, Little, Parker, and McLean against the appellants, in which suit partition of said North and South Hooe surveys is prayed for, as between the said plaintiffs therein and appellants here, but that no judgment of partition had yet been rendered in said partition proceeding, but that, nevertheless, the interest of appellants, as tenants in common with said Hughes, Baten, and others, could be and would be fully and adequately protected in said partition suit in Hardin county, when judgment therein should be rendered, and that such judgment could there be rendered as would give effect to the deed made by said Hughes, Baten, and others to appellee, and confirm in it the specific portions of said North and South Hooe surveys as were conveyed to it by said deed, and that at the same time the interest of appellants could and would be fully protected in said partition proceeding.

(5) It was further alleged in the petition that appellee feared that appellants would interfere with its attempt to construct its said tram railroad across said Hooe survey, and would interfere with its operation of its said tramroad, as appellants had threatened to do, and, if so, appellee would be prevented from manufacturing its said timber, and would be greatly and irreparably damaged, etc.

The prayer of appellee found in the petition was as follows:

"Plaintiff prays that the defendants be cited in terms of law to answer this petition, and that pending the final hearing hereof, your honor do issue his most gracious writ of injunction, restraining the defendants and each of them, their agents, servants and employés, from in any way interfering with or disturbing plaintiff in its possession of that portion of the North Hooe survey and south half of the South Hooe survey described in the deed from Thomas Hughes and others to this plaintiff, and herein described; that said defendants, their agents, servants and employés, be enjoined and restrained from in any wise interfering with the track or tramroad placed upon the portion of the North Hooe and south half of the South Hooe surveys described in said deed from Thomas Hughes et al. to plaintiff, and that they be enjoined and restrained from interfering with the operation thereof pending the final hearing of this cause; that your honor do, upon such final hearing, perpetuate said injunction and grant plaintiff such other and further relief, both general and special, to which it may be entitled hereunder, and as in duty bound it will ever pray."

The order made by Judge Llewellyn in chambers and without notice to appellants, but requiring them to make a bond in the sum of $1,000, was as follows:

"It is therefore considered, ordered, adjudged and decreed by the court that the defendants [naming them], their servants, agents and employés, be restrained and enjoined from in any way interfering with plaintiff's possession of that portion of the North and South and Middle Hooe surveys described in plaintiff's petition, on which it is now engaged in constructing a tram railroad track; and that the clerk of the district court of Tyler county, Texas, issue writs of injunction as provided by law, and that the same be made returnable to the next term of the district court of Tyler county."

Appellants here assign a number of reasons for which they claim the injunction in this case was improvidently and erroneously

granted, in so far as the same relates to the North Hooe survey, and the south half of the South Hooe survey, but we shall only mention the two principal contentions made by appellants.

Appellants' first contention, in effect, is that since the petition of appellee showed upon its face that appellee could in no event have any greater right in the North Hooe survey and the south half of the South Hooe survey than that of a tenant in common with appellants, appellee was not entitled to have a court of equity, by an injunctive writ, in advance of partition, grant any certain designated portion of said surveys so owned in common, to the exclusion of appellants, for the private use and benefit of appellee. In other words, it is the contention of appellants, in effect, that appellee's petition upon its face showed no legal or equitable right to the injunction prayed for, and which was granted in this cause, and this contention, we have concluded, must be sustained. As far back as the case of McKey v. Welch, 22 Tex. 390, the Supreme Court of this state, speaking through Chief Justice Wheeler, said:

"It appears to be well settled, and upon good reasons, that one joint tenant, or tenant in common, cannot convey a distinct portion of the estate, by metes and bounds, so as to prejudice his cotenant; for, to give effect to such alienations, as against the cotenants of the grantor, would be to create new tenancies in common, in distinct tracts or parcels of the estate, held in common, to the injury of the cotenants. As one tenant in common has no right, on partition, to select any particular portion of the land, and insist on having his part set off in that specific portion, so he cannot convey such a right to his grantee."

This rule, as thus announced, has been followed by the appellate courts of this state down to date, without a single exception, in so far as we have been able to find, and we do not understand that counsel for appellee contended that the rule is otherwise. But, as we understand appellee's contention here, it is to the effect that a deed by one or more tenants in common, without the acquiescence or consent of other cotenants, conveying a distinct portion of the common estate to a stranger, will be upheld and given effect in equity, where, upon partition proceedings between all the tenants in common of the estate, such can be done without injury to the tenants in common, who are not parties to such deed; and appellee says, in effect, that since it is alleged in its petition that upon partition in the suit for that purpose pending in Hardin county, the specific portions of the North and South Hooe surveys attempted to be conveyed to appellee by appellants' said cotenants, Hughes, Baten, and others, can be allowed and confirmed in appellee, without injury to appellants, Judge Llewellyn, as the district judge of Tyler county, was authorized in this proceeding to make the order which he did, and which has the effect, in advance of an ascertainment of the facts in the suit for partition in Hardin county, to

award to appellee exclusive possession of those portions of the North and South Hooe surveys described in said deed of appellants' cotenants to appellee, and to permit appellee to go ahead and construct valuable improvements thereupon in the shape of a tram railroad, and to authorize its exclusive operation for the private benefit and profit of appellee, to the total exclusion of appellants, and over their protest. After thinking the matter over carefully, we cannot concede that this contention made by appellee is correct.

We are fully aware of the rule in this state to the effect that where one tenant in common conveys to a stranger a designated portion of the common estate, although such conveyance be without the consent or knowledge of the grantor's cotenant, a court of equity, upon partition proceedings, will give effect to a deed thus made by one cotenant, and will confirm in the stranger to the estate the title to a specific portion of the same, where, upon hearing all of the facts adduced upon the hearing in the partition proceeding, it can be shown that a partition of the estate can be equitable, made by allowing the stranger to take such designated portion under such deed, and that the interest of the cotenants, not a party to such deed, can be fully protected in such partition proceeding, by giving effect to such deed. This is a well-established rule in this state, and appellants do not here question its soundness, and if, upon hearing the facts in the partition proceeding in Hardin county, that court should believe and find therefrom that the designated portions of the North and South Hooe surveys now claimed by appellee under the deed from Hughes, McLean et al. can be allowed him, and at the same time that the interests of appellants, as cotenants, can be fully protected, after so doing, then, doubtless, that court will so decree, and would be correct in doing so, but we think that to give effect to the order of Judge Llewellyn in this case, which, in advance of hearing in the partition proceeding, has, in effect, given to appellee the right of exclusive possession of certain portions of the North and South Hooe surveys, as against appellants, and over their protest, and authorized appellee to place thereupon valuable improvements for its own private use and profit, would be not only to deny the rule well established in this state that all tenants in common have a right of possession in all portions of the common estate, but would be also in effect to determine, in advance of the partition proceeding now pending, that appellee should have those specific portions of this common estate claimed by him. We have been unable to find any adjudicated case in this state that could be construed as authority for the order made by Judge Llewellyn in this case, and none of the authorities cited by appellee go to any such extent.

It will be borne in mind that appellee is not

a tenant in common in possession of a part of the common estate, and using and enjoying same as such, and whose possession and use is sought to be interfered with and prevented by a wrongful act on the part of appellants, as its cotenants, but the situation here is that appellee desires now to go into exclusive possession of a certain designated portion of the common estate, for the purpose of building and constructing a tram railroad thereon, and to operate the same for its own private use and benefit, to the exclusion of appellants, and the judge's order has the effect to permit appellee to do this, and we hold that the court was unauthorized, from a legal or equitable standpoint, to make such order.

It is next contended by appellants that the order of Judge Llewellyn was improvidently and erroneously made, for the reason that it has the effect to greatly embarrass the partition proceeding now pending in Hardin county between appellants and appellee's grantors, by bringing new issues into such partition proceeding, and to change the situation and status of the parties, and condition of the common estate, as they existed when the partition proceeding was instituted in Hardin county, and that for this reason Judge Llewellyn should not have granted the order, and we believe that this contention on the part of appellants is sound.

At the time the partition proceeding for this common estate was instituted by appellee's grantors against appellants, in Hardin county, the simple matter for determination, in so far as the petition here discloses, was merely to divide the interests between the co-owners, and there was nothing pertaining to any equities claimed by any of them for improvements made upon any portion of the common estate, and no question of the value of improvements placed thereon by any cotenant, would be before the court for consideration, and it would seem that it was and is the right of appellants to have that partition proceeding disposed of and concluded upon the facts as they existed when the same was instituted; but if appellee should be permitted by the judge of the district court of Tyler county to go ahead, in advance of a judgment in the partition proceeding, and construct a tram railroad on designated portions of the common property, it would necessarily follow that the district court of Hardin county would be called upon to take into consideration, in that partition proceeding, these new equities that appellee would claim, or his grantors claim for him, and very probably the partition proceeding would be much more embarrassed and difficult of solution and disposition, by reason of the building and construction of these valuable improvements, and exclusive appropriation by appellee. And, further, it occurs to us that the effect of this proceeding is really to institute another partition proceeding in Tyler county between appellee here and appellants, which leaves out entirely other cotenants, in fact, all of appellants' cotenants under whom appellee now claims, and we hardly see how the district court of Tyler county could proceed to partition this estate between appellants and appellee without appellants' other cotenants being made parties thereto, and we cannot assume that they will be made parties thereto. It was suggested, however, by appellee in the argument here, that this court ought to assume that the district court of Tyler county will make no order that will be in any way inconsistent with or embarrassing to the partition proceeding in Hardin county, notwithstanding the prayer in the petition of appellee is that the district court of Tyler county, upon final hearing, shall perpetuate the injunction which was granted by the judge in this case.

We have concluded that for the reasons specifically mentioned above, Judge Llewellyn erred in granting the writ of injunction in this case, in so far as the same pertains to the North and South Hooe surveys, and for such error the judgment is reversed, and the injunction, to that extent, is here now canceled and set aside, and all costs of this appeal adjudged against the appellee.